CHIEF JUSTICE McGRATH,
dissenting.
¶51 I concur in the majority’s resolution of Issue 1, that the lower branch of Modesty Creek Road was established as a county road by Anaconda-Deer Lodge County (or its predecessor) according to the requirements of Montana Law.
¶52 I dissent from the majority’s resolution of Issue 2 and would uphold the District Court’s determination that the public holds a prescriptive easement to travel the upper branch of Modesty Creek Road.
¶53 The District Court determined that there was “compelling evidence” that the lower branch of Modesty Creek Road was a public road, established by Anaconda-Deer Lodge County in 1889. Because it was a county road, the landowners were not able to establish prescriptive rights over the road as a matter of law. McCauley v. Thompson-Nistler, 2000 MT 215, ¶ 33, 301 Mont. 81, 10 P.3d 794. The District Court further determined that there was no evidence that the *408 landowners in this case “took any legal steps before locking the orange gate and blocking access” to the lower branch road and had no legal right to do so.
¶54 Under these circumstances the District Court determined that it would violate public policy to allow Letica to extinguish a public prescriptive easement over the upper branch road by illegally closing the lower branch road. As the District Court stated:
Thus, it would be improper for this Court to adopt a policy that allows an individual to illegally block a public statutorily created road (the lower branch road) and claim that the public prescriptive easement (over the upper branch road that branches off the lower branch road nearly a mile down from the orange gate) is extinguished by reverse adverse possession. Such a holding would be against public policy.
¶55 The majority disagrees with the District Court, citing Boone and Crockett and Dome Mountain Ranch. Those cases hold that a public prescriptive right to travel a road (as opposed to a road established and owned by a public entity) may be taken by reverse adverse possession. However, neither case considers the public policy issue at stake in the present case.
¶56 The majority concludes that “the status of the lower branch is not relevant to the analysis of whether reverse adverse possession extinguished the public prescriptive easement on the upper branch. ....” Opinion, ¶ 36. To the contrary, but for the illegal gates installed across the county road on the lower branch, there was no barrier or impediment to public use of its prescriptive easement on the upper branch road. This case would not exist but for the unlawful closure of the lower branch road.
¶57 I would uphold the District Court and conclude that a person may not illegally block a road created by action of a public governmental entity, and then use that blockage as evidence to support a claim of reverse adverse possession that extinguishes the public’s prescriptive right to any other property or interest in property.
¶58 I dissent.
JUSTICE WHEAT joins the Dissent of CHIEF JUSTICE McGRATH.